BUTLER–BUTLER, Inc., v. MARCOGLOU.

In re AMERICAN TOBACCO CO.

(Supreme Court, Appellate Division, First Department.  December 30, 1915.)

TRADE-MARKS AND TRADE-NAMES ⊕⇒97—UNFAIR COMPETITION—ACTION—IN-
JUNCTION—VIOLATION.

Where an injunction restrained defendant, his agents and servants,
from manufacturing, issuing, or using any cigarette box or container, red
in color, with a white border on the edges, and containing any design,
coat of arms, monogram, word, or words resembling the container used by
plaintiff in the sale of its cigarettes, and defendant manufactured a box,
red in color, and with a white border, similar to those in which plaintiff's
cigarettes were sold, but defendant's boxes contained neither design, coat
of arms, monogram, nor words similar to those used upon plaintiff's boxes,
defendant was not guilty of violation of the injunction.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent.
Dig. §§ 110, 111; Dec. Dig. ⊕⇒97.]

Appeal from Special Term, New York County.

Action by Butler-Butler, Incorporated, against Nicholas E. Mar-
coglou.  From an order adjudging defendant in contempt of court,
on application of the American Tobacco Company, he appeals.  Re-
versed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE,
DOWLING, and SMITH, JJ.

William Harman Black, of New York City, for appellant.

Theodore M. Crisp, of New York City, for respondent American
Tobacco Co.

SMITH, J.   Defendant has been charged with contempt in dis-
obeying an injunction contained in a judgment in which the restraining
clause reads as follows:

"It is hereby adjudged and decreed that the defendant, his assigns, attor-
neys, agents, and employés and each of them, be and they are hereby restrain-
ed from manufacturing, issuing or using any cigarette box, package, or con-
tainer, red in color, with a white border around the edges thereof, and con-
taining any design, coat of arms, monogram, or word, or words (especially
the word 'Kemali'), resembling the package, box, or container issued and used
by the plaintiff, in the sale of its cigarettes known and described as 'Pall
Mall Famous Cigarettes,' or in any way resembling the designs, monograms,
coats of arms, or words used by the plaintiff on its said cigarette boxes, as
more particularly shown in Exhibit A filed with the complaint herein."

It will be noticed that the prohibition is against the use of a ciga-
rette package red in color, with a white border around the edges thereof,
and also containing any design, coat of arms, monogram, or word or
words similar to those appearing upon the boxes in which are sold the
"Pall Mall" cigarette.   While the color of the box manufactured by
the defendant and the white border are similar in appearance to those
in which are sold the "Pall Mall" cigarette, it is clear that the boxes
do not contain either design, coat of arms, monogram, or words simi-
lar to those used upon the boxes in which the "Pall Mall" cigarettes

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

are sold. We are of opinion that the defendant's package complained of in no way so resembles the plaintiff's, and that in using the same the defendant is not guilty of a violation of the injunction contained in the judgment above quoted.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. Order filed. All concur.